**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| BRYAN HANLEY, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TAMPA BAY SPORTS AND )<br>ENTERTAINMENT LLC, )<br>)<br>Defendant. ) | Case No. 8:19-CV-00550-CEH-CPT |

**DEFENDANT'S MOTION FOR LEAVE TO FILE**
**SUR-REPLY TO PLAINTIFF'S MOTION TO CERTIFY CLASS**

Defendant Tampa Bay Sports and Entertainment LLC ("Tampa Bay Sports"), pursuant to Local Rule 3.01(d), respectfully moves this Court for leave to file a sur-reply memorandum, not exceeding ten pages, to Plaintiff's Reply in Further Support of Motion to Certify Class and Appoint Class Counsel (Doc. 55). In support thereof, Tampa Bay Sports states as follows:

1. On June 3, 2019, Plaintiff filed a Motion to Certify Class and Appoint Class Counsel (Doc. 29).

2. On July 3, 2019, Tampa Bay Sports filed an Opposition to Plaintiff's Motion to Certify Class and Appoint Class Counsel (Doc. 48).

3. With leave of Court, Plaintiff filed a Reply (Doc. 55) on July 31, 2019.

4. In response to Tampa Bay Sports' Opposition, Plaintiff's Reply seeks to redefine the class from that proposed in his Motion to Certify Class. *See* Doc. 55 at 2-3 (proposing "amended class definition").

5. While Plaintiff should not be permitted to revise his class definition in his Reply, the revised class definition nevertheless does not satisfy the requirements of Rule 23(a) and Rule 23(b)(3). Tampa Bay Sports requests the opportunity to address Plaintiff's new proposed class definition and to demonstrate, as it did with Plaintiff's original class definition, why Plaintiff's new class cannot be certified under Rule 23. This Court has permitted additional briefing beyond the original motion and opposition so that a party can "rebut" "new law or facts" introduced in a response brief.

6. *Tardif v. People for Ethical Treatment of Animals*, No. 09- 537, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011); *see also See Montgomery Bank, N.A. v. Alico Road Business Park, LP*, No. 13-802, 2014 WL 3828406, at *3 (M.D. Fla. Aug. 4, 2014) (allowing reply, and stating the purpose of reply "is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court."), *Ottaviano v. Nautilus Ins. Co.*, No. 08-2204, 2009 WL 425976, at *1 (M.D. Fla. Feb. 19, 2009) (granting leave to file a reply brief, where "[p]laintiff asserts in his motion for leave to file a reply that defendant has misstated the facts and that defendant's case law should not be applied to the facts of the present case").

7. Tampa Bay Sports therefore respectfully requests that this Court enter an Order granting it leave to file a sur-reply to Plaintiff's Reply in Further Support of Motion to Certify Class and Appoint Class Counsel, which will not exceed ten pages, to be filed no later than seven days after the Court's order on this Motion.

**Local Rule 3.01(g) Certification**

Counsel for Tampa Bay Sports certifies that he has conferred in good faith with counsel for Plaintiff, who does not agree to the requested relief. Counsel for Plaintiff advised that Plaintiff

would only consent to the relief requested herein if Tampa Bay Sports would consent to a request by Plaintiff for leave to file a sur-sur-reply. Tampa Bay Sports declined Plaintiff's proposal.

DATED: August 7, 2019          Respectfully submitted,

*/s/ Dennis P. Waggoner*
Dennis P. Waggoner (Fla. Bar No. 509426)
dennis.waggoner@hwhlaw.com
julie.mcdaniel@hwhlaw.com
HILL WARD HENDERSON
101 E. Kennedy Blvd., Suite 3700
Tampa, FL 33602
Tel: (813) 221-3900
Fax: (813) 221-2900

Emily L. Wallerstein (*pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 624-2500
Emily.wallerstein@squirepb.com

Daniel Delnero (*pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
1230 Peachtree Street, NE
Suite 1700
Atlanta, GA 30309
Tel: (678) 272-3200
Daniel.delnero@squirepb.com

*Attorneys for Tampa Bay Sports and Entertainment LLC*