UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYAN HANLEY, *an individual on behalf of himself and all others similarly situated,*

      Plaintiff,

v.

TAMPA BAY SPORTS AND ENTERTAINMENT LLC, *a Delaware limited liability company,*

      Defendant.

CASE NO. 8:19-CV-00550-CEH-CPT

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("**Agreement**" or "**Settlement Agreement**") is entered into by and among (i) Plaintiff Bryan Hanley ("**Plaintiff**"); (ii) the Settlement Class (as defined herein) (Plaintiff and Settlement Class are collectively referred to as the "**Plaintiffs**" unless otherwise noted); and (iii) Defendant Tampa Bay Sports and Entertainment LLC ("**TBSE**" or "**Defendant**"). The Plaintiffs and Defendant are collectively referred to as the "**Parties**." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.    On March 5, 2019, Plaintiff filed a putative class action lawsuit in the United States District Court for the Middle District of Florida. ECF No. 1. The material allegations of the Complaint centered on TBSE's allegedly unlawful transmission of text messages via an automatic telephone dialing system without first obtaining the recipients' prior express written consent.

B.      In response, on April 29, 2019, Defendant simultaneously filed three motions: (1) TBSE's Motion to Stay Proceedings, (2) TBSE's Motion to Dismiss, and (3) TBSE's Motion to Strike Class Allegations. ECF Nos. 14, 15, 17. Plaintiff opposed what he considered Defendant's effort to obtain an indefinite stay. Before Plaintiff could respond to Defendant's Motions to Dismiss and to Strike the Class Allegations, Defendant also filed a Motion for Stay of Discovery and, alternatively, for Phased Discovery. ECF Nos. 23, 25.

C.      Ultimately, Plaintiff responded to all of Defendant's aforementioned motions. ECF Nos. 27-28. And shortly thereafter, on June 3, 2019, Plaintiff moved to certify this action as a class action under Federal Rule of Civil Procedure 23 and to appoint his counsel, the law firm CAREY RODRIGUEZ MILIAN GONYA LLP, as class counsel. ECF No. 29.

D.      On June 25, 2019, presiding Judge Honeywell ordered the Parties to appear before the Court on July 10, 2019 for a Preliminary Pretrial Conference and for a hearing on Defendant's Motions to Stay Proceedings and to Stay Discovery and for Phased Discovery. ECF Nos. 40-41.

E.      Before the Parties appeared before the Court, the United States acknowledged the basis for Defendant's Motion to Dismiss: that the federal statute that the Plaintiff was suing under, the Telephone Consumer Protection Act, 227 U.S.C. § 227, *et. seq.* ("**TCPA**"), was alleged to be unconstitutional. ECF No. 42. According to TBSE, the TCPA is unconstitutional because it discriminates on the basis of speech contents by exempting various agents of the U.S. government from its provisions and because there is no compelling government interest in policing the types of communications typically sent through text messages. In addition, TBSE asserted it could not readily determine what dialing equipment would fall within the TCPA's prohibition against use of an automatic telephone dialing system, thus making the law void for vagueness. In light of TBSE's arguments, the United States asked for additional time to intervene in the case to support the statute's constitutionality. When the United States did intervene, it argued in support of the

2

TCPA's constitutionality, noting that Congress made extensive findings about the law's purpose of protecting consumer privacy, an interest it asserted the United States Supreme Court considered compelling.

F.      Also, before the Parties were due to appear before the Court, Defendant responded to Plaintiff's motion for class certification with a 30-page opposition containing 10,000 pages of materials, 17 exhibits, including an expert report, affidavits from its marketing executives, and affidavits from Tampa Bay Lightning fans expressing their desire to receive the texts at issue and asserting dissatisfaction with the pending litigation. ECF No. 48. The Plaintiff immediately sought leave to submit a reply in further support of his motion for class certification. ECF No. 49.

G.      On July 10, 2019, the Parties appeared before the Court for a Preliminary Trial Conference. The Court ordered the Parties to confer further and to submit an amended Case Management Report. *See* ECF No. 50.  Arguments were also held on Defendant's Motion to Stay Proceedings and to Stay and Phased Discovery. Both of these motions were denied and the Plaintiff's motion for leave to submit a reply in support of his motion for class certification was granted. *See* ECF Nos. 50, 51.

H.      Following the July 10, 2019 hearing, Plaintiff submitted his reply in further support of his motion to certify a class. ECF No. 55. Through the reply, Plaintiff addressed Defendant's positions and proposed an amended class definition that addressed some of Defendant's objections to class certification. Thereafter, Defendant sought leave to file a sur-reply to Plaintiff's motion for class certification, which the Court granted. ECF Nos. 57, 60. In the sur-reply, Defendant argued that Plaintiff had prejudicially moved the target by changing his proposed class definition in his reply brief. ECF No. 62. Plaintiff then sought and obtained leave for the submission of a sur-sur-reply on class certification issues and presented additional reasons why he believed class certification was appropriate. ECF Nos. 67-68, 70.

I.      During this time, the Parties were not only busy briefing the constitutionality of the TCPA and whether this action was properly litigated as a class action, they were also engaged in direct communications, as part of their obligations under Fed. R. Civ. P. 26, discussing the prospect of resolution.  Those discussions eventually led to an agreement between the Parties to engage in formal mediation, which the Parties agreed would take place before Jay Cohen, who is a neutral party with substantial experience mediating consumer class actions, including class actions alleging violation of the TCPA. The Parties ultimately notified the Court that they agreed to attend mediation at the offices of Defendant's counsel on September 23, 2019. ECF No. 58. While the mediation efforts were ultimately unsuccessful, they did set the stage for continued and more in-depth discussions for settlement.

J.      After mediation, the Plaintiff sought leave to submit an Amended Class Action Complaint that added several of Defendant's corporate affiliates and employees who were alleged to have been directly involved in the supposedly offending behavior. ECF Nos. 72, 72-1. In addition, Plaintiff's proposed Amended Class Action Complaint sought to allege claims for intrusion upon seclusion and to obtain civil remedies for violations of criminal wiretap laws.

K.      Shortly thereafter, the Plaintiff also moved to compel Defendant to produce additional documents in response to his First Set of Requests for Production. ECF No. 73.

L.      During this time, counsel for the Parties had continued settlement negotiations that began at the September 23, 2019 mediation in Tampa.

M.      On October 14, 2019, the Parties signed the Binding Settlement Term Sheet that set forth the roadmap to concluding this litigation for all parties and in a fashion that provides meaningful relief to all absent class members.

N.      On October 17, 2019, the Parties informed the Court of the Binding Settlement Term Sheet and that it expected to submit a comprehensive Settlement Agreement and to move for preliminary approval thereof within forty (40) days.

O.      At all times, Defendant has denied and continues to deny any wrongdoing and has denied and continues to deny that it or any of its affiliates or employees committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action and to oppose certification of a litigation class. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever or with respect to the certifiability of a litigation class.

P.      Plaintiff believes that the claims asserted in the Action against Defendant has merit and that he would have prevailed in certifying a litigation class under Rule 23 and at summary judgment and/or trial. Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiff may not prevail. Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on its evaluation, Class Counsel has

concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

Q.     Subject to approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, and subject to the remaining provisions in this Agreement, the Parties desire a full, complete and final settlement and resolution of all existing disputes and claims as set forth in this Agreement, and to fully, finally and forever resolve, discharge and release the claims (as set forth below). The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement.

The Parties therefore agree that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a final order approving the settlement and directing the implementation of the terms and conditions of the settlement as set forth in this Agreement, the Action will be settled and compromised upon the terms and conditions contained herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Defendant, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

**1.    DEFINITIONS.**

In addition to the terms defined above and at other places in this Agreement, the following terms have the meanings specified below:

**1.1    "Action"** means *Hanley v. Tampa Bay Sports and Entertainment LLC al.*, Case No. 8:19-cv-0055-CEH-CPT, pending in the United States District Court for the Middle District of Florida.

**1.2    "Agreement"** means this Class Action Settlement Agreement and all attachments and exhibits hereto.

**1.3    "Alternate Judgment"** means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Agreement and where none of the Parties elects to terminate this settlement by reason of such variance.

**1.4    "Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.

**1.5    "Claim Form"** means the document substantially in the form attached hereto as **Exhibit A**, as approved by the Court.  The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment, shall be available in electronic and paper format in the manner described below.

**1.6    "Claims Deadline"** means the date as specified in the Notice by which all Claim Forms must be postmarked or filed through the settlement website listed in Paragraph 4.1(d) to be

considered timely and shall be set sixty (60) days after the Final Approval Hearing.  The Claims

Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and

the Claim Form.

      **1.7**     **"Class Counsel"** means the law firm of CAREY RODRIGUEZ MILIAN GONYA, LLP

and specifically its following counsel: Ruben Conitzer, Esq. David P. Milian, Esq., and Juan J.

Rodriguez, Esq.

      **1.8**     **"Class Representative"** means the named Plaintiff in this Action, Bryan Hanley.

      **1.9**     **"Court"** means the United States District Court for the Middle District of Florida,

the Honorable Charlene E. Honeywell presiding, or any judge who shall succeed her as the Judge

in this Action.

      **1.10**     **"Defendant"** means Tampa Bay Sports and Entertainment LLC.

      **1.11**     **"Defendant's Counsel"** means Eric J. Troutman, and Daniel Delnero  from law

firm SQUIRE PATTON BOGGS (US) LLP and Dennis P. Waggoner from law firm HILL WARD

HENDERSON.

      **1.12**     **"Effective Date"** means the date ten (10) days after which all of the events and

conditions specified in Paragraph 9.1 have been met and have occurred.

      **1.13**     **"Escrow Account"** means the separate, interest-bearing escrow account to be

established by the Settlement Administrator under terms acceptable to all Parties at a depository

institution insured by the Federal Deposit Insurance Corporation.  The Settlement Fund shall be

deposited by Defendant (or by Defendant's insurers on behalf of Defendant) into the Escrow

Account in accordance with the terms of this Agreement and the money in the Escrow Account

shall be invested in the following types of accounts and/or instruments and no other:  (i) demand

deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with

maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

**1.14** "**Fee Award**" means the amount of attorneys' fees, costs, and expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.15** "**Final**" or "**Finally Approved**" or "**Final Approval**" of this Agreement means one (1) business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

**1.16** "**Final Approval Hearing**" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representative.

**1.17** "**Final Judgment**" means the Final Judgment or other such Order to be entered by the Court that finally approves all of the material terms of this Agreement following the Final Approval Hearing.

**1.18** "**Notice**" means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner

set forth in this Agreement, is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of **Exhibits B**, **C**, and **D** hereto.

**1.19** **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than twenty-eight (28) days after Preliminary Approval.

**1.20** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the Settlement Website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

**1.21** **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.22** **"Plaintiffs"** means Bryan Hanley and the Settlement Class Members.

**1.23** **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes only, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

**1.24** **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

**1.25** **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*, the Wiretap Act, 18 U.S.C. § 2511, any claims relating to the invasion of privacy, or any other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged sending of text messages to the Settlement Class Members, including but not limited to all claims that were brought or could have been brought in the Action relating to any and all Releasing Parties.

**1.26** **"Released Parties"** means Defendant, as well as any and all of its respective, present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, related companies, employers, agents, consultants, independent contractors, insurers, including without limitation employees of the foregoing, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations, including, specifically the following: (i) Tampa Bay Arena, LLC; (ii) Tampa Bay Arena, L.P.; (iii) Lightning Hockey LP; (iv) Lightning Hockey GP LLC; (v) TBSE Enterprises LLC; (vi) Lightning Foundation, Inc.; (vii) Patrick Abts; (viii) Justin Savoie; (ix) Catherine Schwaninger; and (x) Jenna Baldwin.

**1.27** "**Releasing Parties**" means Plaintiffs, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, related companies, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

**1.28** "**Settlement Administration Expenses**" means the expenses incurred by the Settlement Administrator in providing all Notices (including Class Action Fairness Act ("**CAFA**") notice), processing claims, maintaining the settlement web site and toll free numbers, responding to inquiries from members of the Settlement Class, mailing checks for Approved Claims, and related services, paying taxes and tax expenses related to the Settlement Fund (including all federal, state or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants).

**1.29** "**Settlement Administrator**" means Angeion Group, or such other reputable administration company that has been selected jointly by the Parties and approved by the Court to perform the duties set forth in this Agreement, including but not limited to serving as Escrow Agent for the Settlement Fund; overseeing the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement; handing all approved payments out of the Settlement Fund; handling the determination, payment and filing of forms related to all federal, state and/or local taxes of any kind (including any interest or penalties thereon) that may be owed on any income earned by the Settlement Fund; and otherwise assisting

12

with implementing and administrating this Agreement, subject in all cases to approval by Class Counsel and Counsel for Defendant. Class Counsel's assent to this Agreement shall constitute consent on behalf of each and every member of the Settlement Class as defined herein to disclose all information required by the Settlement Administrator to perform the duties and functions ascribed to it herein. In the absence of agreement, either Class Counsel or Defendant may move the Court to substitute a different entity as Administrator on a showing of good cause.

    **1.30** **"Settlement Class"** means all Persons who are users of or subscribers to cell phone numbers that, after a keyword was texted to short code telephone number 61873, were sent at least one SMS text message in connection with the Bolts Text Club through the Phizzle text message dialing platform. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a valid and timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

    **1.31** **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid and timely request for exclusion.

    **1.32** **"Settlement Fund"** means the total cash fund that shall be established by or on behalf of Defendant in the maximum total amount of Two Million Two Hundred Fifty Thousand Dollars ($2,250,000.00 USD) (**"Settlement Fund"**). One Million Four Hundred Thousand Dollars ($1,400,000.00 USD) of the Settlement Fund is entirely non-reversionary (**"Non-Reversionary Portion"**) and shall be deposited into the Escrow Account as set forth herein. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Settlement Class

Members, Settlement Administration Expenses, any incentive award to the Class Representative, any Fee Award to Class Counsel, and any other costs, fees, or expenses approved by the Court. The Non-Reversionary Portion shall be kept in the Escrow Account maintained by the Settlement Administrator. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all required tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendant's (inclusive of Defendant's insurers') monetary obligations under this Agreement. The payment of the Settlement Amount by, or on behalf of, Defendant and/or its insurers fully discharges the Defendant's and the other Released Parties' financial obligations (if any) in connection with the settlement, meaning that no Released Party shall have any other obligation to make any payment into the Escrow Account or to any Class Member, or any other Person, under this Agreement. In no event shall the total monetary obligation with respect to this Agreement on behalf of Defendants exceed Two Million Two Hundred Fifty Thousand Dollars (\$2,250,000.00 USD).

    **1.33** **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE

MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
DEBTOR OR RELEASED PARTY.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived

any and all provisions, rights and benefits conferred by any law of any state or territory of the

United States, or principle of common law, or the law of any jurisdiction outside of the United

States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  The

Releasing Parties acknowledge that they may discover facts in addition to or different from those

that they now know or believe to be true with respect to the subject matter of this release, but that

it is their intention to finally and forever settle and release the Released Claims, notwithstanding

any Unknown Claims they may have, as that term is defined in this Paragraph.

2.      **SETTLEMENT RELIEF.**

    2.1      **Payments to Settlement Class Members.**

        **(a)**      Defendant shall cause to be paid into the Escrow Account the amount of the

Non-Reversionary Portion ($1,400,000.00), less any interim amounts advanced by Defendant to

the Settlement Administrator for notice and administration costs, within ten (10) business days

after Final Approval.

        **(b)**      Settlement Class Members shall have until the Claims Deadline to submit

an Approved Claim.  Each Settlement Class Member with an Approved Claim shall be entitled to

a *pro rata* portion of the Non-Reversionary Portion ($1,400,000.00), calculated by the Settlement

Administrator, by check after deducting all Settlement Administration Expenses, any Fee Award

to Class Counsel, the incentive award to Plaintiff, and any other costs, fees or expenses approved

by the Court.

        **(c)**      To the extent the total amount of Approved Claims multiplied by $45

exceeds the Non-Reversionary Portion amount (i.e., $1,400,000.00), the Settlement Fund

(inclusive of Settlement Administration Expenses, any incentive award to the Class Representative, any Fee Award to Class Counsel, and any other costs, fees, or expenses approved by the Court) shall be increased by $45 for each Approved Claim exceeding the Non-Reversionary Portion amount, except that such increased amount shall never exceed the amount of the total Settlement Fund, i.e., Two Million Two Hundred Fifty Thousand Dollars ($2,250,000.00). To the extent increased payment is due, Defendant shall pay or cause to be paid the increased payment within ten (10) business days of the latter of the Claims Deadline or Final Approval subject to the provisions set forth in Section 9.

(d)     The Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check with said checks being sent via first class U.S. mail to the Settlement Class Members who submitted all such Approved Claims.  Payments to all Settlement Class Members with Approved Claims shall be made within thirty (30) days after Claims Deadline subject to the provisions set forth in Section 9.

(e)     All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within one hundred eighty (180) days after the date of issuance.  If a check issued to a Settlement Class Member is not cashed within 180 days after the date of issuance, the check automatically becomes void.  In the event uncashed check funds allow for a subsequent distribution of Cash Awards of $1.00 or more per claimant, after administration costs, a subsequent distribution of payments to Settlement Class Members will occur.  In the event the amount of uncashed check funds does not allow for a subsequent distribution of Cash Awards of $1.00 or more per claimant, after administration costs, or in the event a subsequent distribution of uncashed check funds in the Settlement Fund is otherwise infeasible, then the remaining uncashed funds shall be distributed as directed by the Court upon application made by Settlement Class Counsel and Defense Counsel

16

for such funds to be distributed to a charitable organization, selected by the Parties, concerned with consumer protection issues of the general character presented by this Action, such that the charitable organization's work coincides, or at least overlaps, with the interest of the Settlement Class. Under no circumstances shall any amount of the Non-Reversionary Portion revert back to Defendant.

**(f)**    Except as provided in this Section and any incentive award that the Court awards to Plaintiff, Defendant shall have no obligation to make any other or further payments to Plaintiffs.

**2.2 Non-Monetary Relief**

The Parties agree that after the inception of the litigation TBSE changed its business practice relating to its text message marketing programs directed to consumers. As a continuing and future benefit to all Settlement Class Members, TBSE represents that it has halted its text club program. TBSE agrees that, prior to starting any new text message club program, it will implement a training program and institute compliance protocols to ensure compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. Seq.*, including the use of what is commonly referred to as a "double opt-in" procedure to ensure "prior express written consent" is properly obtained for marketing messages.

**3.    RELEASE.**

**3.1**    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment and by virtue of this Agreement shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

17

4.    **NOTICE TO THE CLASS.**

**4.1**    Class Counsel and Defendant shall insert the correct dates and deadlines in the Notice before the Notice Plan commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order.  No Notice provided under or as part of the Notice Program shall bear or include the logos of Defendant, the Tampa Bay Lightning and/or Amalie Arena, or their return addresses, or otherwise be styled to appear to originate from Defendant, the Tampa Bay Lightning and/or Amalie Arena.  At TBSE's request, ownership of the Settlement Website URL shall be transferred to TBSE within ten (10) days of the date on which operating of the Settlement Website ceases, or such other date as Class Counsel and TBSE may agree upon in writing.

**4.2**    The Notice Plan shall consist of the following:

(a)    *Settlement Class List.*  No later than fifteen days (15) days after the execution of this Agreement, TBSE shall produce an electronic list that includes the mobile telephone numbers and, to the extent available, all names, last known U.S. mailing addresses, belonging to all Persons within the Settlement Class.  This electronic document shall be called the "Class List," and shall be provided to the Settlement Administrator with a copy to Class Counsel.

(b)    *Direct Notice via Email.* No later than twenty-eight (28) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send Notice substantially in the form attached as **Exhibit B**, along with an electronic link to the Claim Form, to all Settlement Class Members for whom the Settlement Administrator is able to locate a valid email address. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

(c)     *Direct Notice via U.S. Mail*. No later than the twenty-eight (28) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send notice substantially in the form attached as **Exhibit C** and a postcard Claim Form with return postage prepaid via First Class U.S. Mail to all Settlement Class Members for whom postal addresses are contained in the Class List or for whom the Settlement Administrator was able to locate a postal address.

(d)     *Publication Notice*. Notice shall be provided by publication weekly for a period of **four** weeks in the print and online versions of a newspaper of general publication in Hillsborough County in the general news section and in a typeset in actual size such that it will be legible to the average reader.

(e)     *Settlement Website*. Within ten (10) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at an available settlement URL (such as, for example, www.TBSEtextmessagesettlement.com) (the "**Settlement Website**") which shall be obtained, administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line, provided that such Claim Forms, if signed electronically, will be binding for purposes of applicable law and contain a statement to that effect.   The Notice provided on the Settlement Website shall be substantially in the form of **Exhibit D** hereto.

(f)     *CAFA Notice*.  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law, subject to Paragraph 5.1 below.

    **4.2**     The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms.

The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

4.3     Any Class Member who intends to object to this Agreement must present on a timely basis the objection in writing, which must be personally signed by the objecting Settlement Class Member, and must include: (1) the objecting Settlement Class Member name and address; (2) an explanation of the basis upon which the objecting Settlement Class Member claims to be a Settlement Class Member, including the cellular telephone number to which the Settlement Class members subscribed and to which one or more text messages were received from TBSE; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "**Objecting Attorneys**"); (5) the number of times in which the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling on the objector's prior such objections that were issued by the trial and appellate courts in each listed case; (6) a copy of any orders related to or ruling on the objector's counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by them that were issued by the trial

20

and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five (5) years; (7) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; and (8) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules). Any Settlement Class Member who fails to object to the settlement in the manner described in the Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the terms of this Agreement by appeal or other means. Objections purporting to object on behalf of a group or class of persons shall not be permitted and shall be deemed invalid.

4.4     If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Failure to timely include this information will render the objection untimely and void *ab initio*.

4.5     A Settlement Class Member may request to be excluded from the Settlement Class by sending a timely written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.  To exercise the right to be excluded, a Settlement Class Member must timely send a written request for exclusion to the Settlement Administrator that (a) identifies the case name; (b) identifies the name, address, and telephone number of the Settlement Class Member; (c) identifies the telephone number at which the person

21

received a text message from TBSE; (d) is personally signed by the Settlement Class Member requesting exclusion; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Action, such as: "I hereby request that I be excluded from the proposed Settlement Class in *Bryan Hanley v. Tampa Bay Sports and Entertainment LLC*." A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and, to the extent the Person(s) otherwise qualifies as a Settlement Class Member, the Person(s) shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly and timely elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by each Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed and shall be deemed ineffective. To be valid, a request for exclusion must be postmarked no later than the date specified in the Notice.

     **4.6**     The Final Approval Hearing shall be set at the Court's convenience with the Parties requesting that such Final Approval Hearing be held ninety (90) days after the Preliminary Approval Order is entered.

     **4.7**     Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class or timely files a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the releases provided for in the Agreement, and will be

barred from bringing any action against any of the Released Parties concerning the Released Claims.

## 5.   SETTLEMENT ADMINISTRATION.

**5.1**      The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner.   The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.   The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request.   The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.   The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with regular reports at weekly intervals containing information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims.   Without limiting the foregoing, the Settlement Administrator shall:

(a)      Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

(b)      Provide Class Counsel and Defendant's Counsel with drafts of all administration related documents, including but not limited to CAFA Notices, follow-up class notices or communications with Settlement Class Members, telephone scripts, website postings or

language or other communications with the Settlement Class, at least five (5) days before the Settlement Administrator is required to or intends to publish or use such communications, unless Class Counsel and Defendant's Counsel agree to waive this requirement in writing on case by case basis;

        **(c)**    Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

        **(d)**    Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

        **(e)**    Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

        **5.2**    The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim by determining if the Person is on the Class List and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement, or (b) provide full and complete information as requested on the Claim Form. In the event a Person submits a timely Claim Form by the Claims Deadline where the Person appears on the Class List but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such Person one (1) reasonable opportunity to provide any requested missing

information, which information must be received by the Settlement Administrator no later than thirty (30) calendar days after the Claims Deadline. In the event the Settlement Administrator receives such information more than thirty (30) days after the Claims Deadline, then any such claim shall be denied. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

5.3     The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to the Settlement Administrator for binding determination.

5.4     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

5.5.     Defendant, the Released Parties, and Defendant's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the allocation of Settlement Funds to Settlement Class Members or the implementation, administration, or interpretation thereof; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, tax expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

5.7.     All taxes and tax expenses shall be paid out of the Settlement Fund and shall be timely paid by the Settlement Administrator pursuant to this Agreement and without further order

25

of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with this Agreement and in all events shall reflect that all taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Released Parties shall have no responsibility or liability for the acts or omissions of the Settlement Administrator or its agents with respect to the payment of taxes or tax expenses.

6.     **TERMINATION OF SETTLEMENT.**

     **6.1**     Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("**Termination Notice**") to all other Parties hereto within ten (10) days of any of the following events:  (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; (v) the date upon which an Alternate Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; (vi) the Effective Date does not occur for any reason; or (viii) any condition described in this Agreement, including any Exhibits, as a basis for termination or cancellation occurs.

7.     **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

     **7.1**     On or before November 26, 2019, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and

26

Claim Forms for dissemination substantially in the form of **Exhibits A**, **B**, **C**, and **D** hereto. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class or materially expand the obligations of Defendant.

**7.2**    At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.3**    After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will:

    **(a)**    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

    **(b)**    approve the Settlement Agreement and the proposed settlement as fair, reasonable, adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

    **(c)**    find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the

Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

      **(d)**    find that the Class Representative and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

      **(e)**    dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

      **(f)**    incorporate the release set forth above, make the release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

      **(g)**    permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

      **(h)**    without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

      **(i)**    incorporate any other provisions as necessary or appropriate to effectuate the terms and conditions of the Settlement Agreement.

8.    **CLASS COUNSEL'S ATTORNEYS' FEES, COSTS, AND EXPENSES; INCENTIVE AWARD.**

**8.1**     Defendant agrees that Class Counsel's proposal to seek attorneys' fees in an amount of up to thirty-five percent (35%) of the Settlement Fund (or Seven Hundred Eighty-Seven Thousand Five Hundred Dollars ($787,500.00) is a reasonable amount given the facts and circumstances of this Action ("**Fee Award**").

**8.2**     The Fee Award and any Court awarded costs, shall be payable to Class Counsel by the Settlement Administrator within ten (10) business days following the Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "**Undertaking**") attached hereto as **Exhibit E** and providing all payment routing information and tax I.D. numbers for Class Counsel.  Payment of the Fee Award shall be made from the Settlement Fund by wire transfer pursuant to instructions provided by Carey Rodriguez Milian Gonya, LLP, and completion of necessary forms, including but not limited to W-9 forms.  Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered void as a result of an appeal(s) then Carey Rodriguez Milian Gonya, LLP shall return such funds described in this subparagraph to Defendant or Defendant's insurers.  To effectuate this provision, Carey Rodriguez Milian Gonya, LLP shall execute a guarantee of repayment in the form attached hereto as **Exhibit E**.  Additionally, should Carey Rodriguez Milian Gonya, LLP dissolve, merge, declare bankruptcy, become insolvent, or cease to exist prior to the final payment to Class Members, it shall execute a new undertaking guaranteeing repayment of funds within 14 days of such an occurrence.

**8.3**     Defendant agrees that, subject to Court approval, the Settlement Administrator may pay an incentive award to the Class Representative from the Settlement Fund, in addition to any settlement payment as a result of an Approved Claim pursuant to this Agreement, and in recognition of his efforts on behalf of the Settlement Class, in the amount of up to Ten Thousand Dollars ($10,000.00).  Defendants agree not to object to or otherwise challenge, directly or indirectly, Class Counsel's application for the incentive award to the Class Representative if

limited to this amount. Class Counsel, in turn, agrees to seek no more than this amount from the Court as the incentive award for the Class Representative. Such award as approved by the Court shall be paid from the Settlement Fund (in the form of a check to the Class Representative that is sent care of Class Counsel), within five (5) business days after entry of the Final Judgment if there have been no objections to the Settlement Agreement, and, if there have been such objections, within five (5) business days after the Effective Date.

**9.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**9.1**    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(a)    The Parties and their counsel have executed this Agreement;

(b)    The Court has entered the Preliminary Approval Order;

(c)    The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment or a final Order consistent with this Agreement in all material respects; and

(d)    The Final Judgment has become Final, as defined above, or, in the event that the Court enters an Alternate Judgment, such Alternate Judgment becomes Final.

**9.2**    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be cancelled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If

any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the settling Parties.   Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the incentive award set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.3**    If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement.   In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into, and the Parties shall be deemed to have preserved all of their rights or defenses, and shall not be deemed to have waived any substantive, evidentiary, procedural, or other rights of any kind that they have as to each other or any member of the Settlement Class.   Within five (5) business days after written notification of termination as provided in this Agreement is sent to the other Parties, the Settlement Fund (including accrued interest thereon), less any Settlement Administration costs actually incurred, paid or payable and less any taxes and tax expenses paid, due or owing, shall be refunded by the Settlement Administrator to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel.   In the event that the Final Judgment or Order finally approving settlement or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel shall, within sixty (60) days repay to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys'

fees and costs paid to Class Counsel from the Settlement Fund. In the event the attorney fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, Class Counsel shall within sixty (60) days repay to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel, the attorneys' fees and costs paid to Class Counsel and/or Representative Plaintiff from the Settlement Fund, in the amount vacated or modified.

## 10. MISCELLANEOUS PROVISIONS.

**10.1** The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2** The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.3** The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have

read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4** Whether or not the Effective Date occurs, or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein or any term, provision or definition therein, nor any act or communication performed, or document executed in the course of negotiating, implementing or seeking approval pursuant to or in furtherance of this Agreement or the settlement:

      **(a)**    is, may be deemed, or shall be used, offered or received in any civil, criminal or administrative proceeding in any court, administrative agency, arbitral proceeding or other tribunal against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the definition or scope of any term or provision, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

      **(b)**    is, may be deemed, or shall be used, offered or received against any Released Party, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

      **(c)**    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing or statutory meaning (including but not limited to the definitions of the Telephone Consumer Protection Act and Settlement Class) as against any Released Parties,

or supporting the certification of a litigation class, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

      **(d)**    is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

      **(e)**    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

      **10.5**    The Parties acknowledge and specifically agree that (a) any certification of the Settlement Class as set forth in this Agreement, including certification of the Settlement Class for settlement purposes in the context of Preliminary Approval, shall not be deemed a concession that certification of a litigation class is appropriate, or that the Settlement Class definition would be

appropriate for a litigation class, nor would Defendants be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement Agreement is not finalized or finally approved; (b) if the Settlement Agreement is not finally approved by the Court for any reason whatsoever, then any certification of the Settlement Class will be void, the Parties and the Action shall be restored to the status quo ante, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action or in any other action; and (c) no agreements made by or entered into by Defendants in connection with the settlement may be used by Plaintiff, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

**10.6**.   No person or entity shall have any claim against the Class Representative, Class Counsel, the Settlement Administrator or any other agent designated by Class Counsel, or the Released Parties and/or their counsel, arising from distributions made substantially in accordance with this Agreement.  The Parties and their respective counsel, and all other Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**10.7**.   All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

**10.8**   The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.9**   The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.10**   All Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.11**   This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein.   No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.   This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.12**   Except as otherwise provided herein, each Party shall bear its own costs.

**10.13**   Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

**10.14**   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.15**   This Agreement may be executed in one or more counterparts.   Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.16**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.17**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.18**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida.

**10.19**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties.   Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.20** The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Defendant's Counsel, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

**10.21**   Where this Agreement requires notice to the Parties, such notice shall be sent via email and postal mail to the undersigned counsel for Plaintiff and the Settlement Class as follows: David   P.   Milian,   dmilian@careyrodriguez.com,   and   Ruben   Conitzer, rconitzer@careyrodriguez.com, CAREY RODRIGUEZ MILIAN GONYA, LLP, 1395 Brickell Avenue, Suite 700, Miami, Florida 33131, and to via email and postal mail to counsel for Defendant as follows: Eric J. Troutman, eric.troutman@squirepb.com, SQUIRE PATTON BOGGS (US) LLP, 555 South Flower Street, 31st Floor, Lost Angeles, CA 90071, *with a copy to* Dennis Waggoner,

37

dennis.waggoner@hwhlaw.com, HILL WARD HENDERSON, 101 E. Kennedy Boulevard, Suite 3700, Tampa, FL 33602.

**10.22 Except** as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

**10.23** The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.

**10.24** Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable.  In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder; provided, however, that the terms of this Section shall not apply should any court or tribunal find any part, term, or provision of the release to be illegal or invalid in any manner.

**10.25**  Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party.  Any Party that breaches the representations and warranties set forth in this Section shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim

38

or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Section.

10.26 The Parties agree that the terms of this settlement shall remain confidential and not be disclosed by any Party until the Agreement is filed in connection with the Preliminary Approval Application.

The Parties also agree that before the entry of Final Approval of the settlement, they shall not publish a press release or a release on the Internet concerning the settlement without the prior written review and approval of Defendant. The Parties further agree that before the entry of Final Approval of the settlement, if any print or electronic media outlet contacts any Party or its counsel seeking information or a statement regarding the settlement, in the absence of a response agreed on by all Parties, no information will be provided in response to such inquiries.

For the avoidance of any doubt, nothing in this Agreement prevents the Parties from making any disclosures required to effectuate this Agreement or from making any disclosures required by law.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.**

**SIGNATURE PAGE FOLLOWS.**

DocuSign Envelope ID: 580BF49B-81B0-4DC2-B3BE-05251CEB0070

## IT IS SO AGREED TO BY THE PARTIES:

November ___21___, 2019

**BRYAN HANLEY**

By: _____

Bryan Hanley, individually and as representative of the Class

November **26**, 2019

**TAMPA BAY SPORTS AND ENTERTAINMENT LLC**

By: _____

Its: _____

## IT IS SO AGREED TO BY THE PARTIES:

November _____, 2019                    **BRYAN HANLEY**

                                        By:_____
                                        Bryan Hanley, individually and as representative of
                                        the Class


November **26**, 2019                   **TAMPA BAY SPORTS AND ENTERTAINMENT LLC**

                                        By:_____

                                        Its: _Attorney_____

**IT IS SO STIPULATED BY COUNSEL:**

November 25, 2019

CAREY RODRIGUEZ MILIAN GONYA, LLP

By: _____

David P. Milian
*dmilian@careyrodriguez.com*
Ruben Conitzer
*rconitzer@careyrodriguez.com*
CAREY RODRIGUEZ MILIAN GONYA, LLP
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Tel: (305) 372-7474
Fax: (305) 372-7475
*Attorneys for Class Representative and the*
*Settlement Class*

**<u>IT IS SO STIPULATED BY COUNSEL:</u>**

November ____, 2019

# Exhibit "A"

<div style="border: solid">
**Your claim must be postmarked on or before _____, 2020**
</div>

*TBSE Text Message Settlement*
Case No. 8:19-CV-00550-CEH-CPT
UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

## CLAIM FORM

**TBSE**

To submit a Claim for a payment from the Settlement Fund, please fill out the Claim Form below and submit it via U.S. mail to the address below. You may also file a Claim Form online at www.TBSETextMessageSettlement.com. The deadline to file a claim online is **11:59 p.m. EST on _____, 2020**. If you send in a Claim Form by regular mail, it must be postmarked on or before _____, **2020**.

**\*Name:** [                                        ]
(First Name / MI / Last Name or Business Name)

**\*Street Address 1:** [                                        ]

**\*Street Address 2:** [                                        ]

**\*City:** [                                        ]

**\*State:** [                                        ]

**\*Zip Code:** [ ][ ][ ][ ][ ] -- [ ][ ][ ][ ]

**\*Cellular Telephone Number:** [ ][ ][ ] -- [ ][ ][ ] -- [ ][ ][ ][ ]
(Cellular Telephone Number that received one or more texts from Tampa Bay Lightning)

**Telephone Number:** [ ][ ][ ] -- [ ][ ][ ] -- [ ][ ][ ][ ]
(Telephone Number where you can be reached if different from above)

**Email Address:** [                                        ]

\*I declare under penalty of perjury that to the best of my knowledge I received one (1) or more text messages as part of TBSE's BOLTS text club from March 6, 2015 through _____, 2020.

**\*Signature:** _____

**\*Date:** _____

Questions? Visit www.TBSETextMessageSettlement.com or email info@TBSETextMessageSettlement.com.

To submit by U.S. Mail, send to:

TBSE Text Message Settlement
c/o Settlement Administrator
_____
_____

**\*DENOTES INFORMATION YOU MUST PROVIDE TO HAVE A VALID CLAIM.**

1

# Exhibit "B"

**If You Received a Text Message from TBSE, You May Be Entitled to a Payment from a Class Action Settlement**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A settlement has been reached in a class action lawsuit alleging that Tampa Bay Sports and Entertainment ("**TBSE**") sent text messages to wireless telephone numbers without consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. TBSE denies the allegations or that it committed any wrongdoing. The Court has not decided who is right.

**Who's Included?** The Settlement includes all persons who are subscribers or users of cell phone numbers that, after a keyword was texted to short code telephone number 61873, were sent at least one text message in connection with TBSE's Bolts Text Club. You received this email because records show that you may be a Settlement Class Member.

**What Are the Settlement Terms?** TBSE has agreed to establish a Settlement Fund of up to $2,250,000 from which all class members who submit a valid Claim Form will receive payment. The Settlement Fund will be used to pay Class members a pro rata distribution, notice and administration costs of the Settlement, attorneys' fees and expenses incurred by counsel for the Settlement Class, and an incentive award for Plaintiff who brought this action. The Settlement Fund will be at least $1,400,000, and further, to the extent that the total number of valid Claims multiplied by $45.00 exceed $1,400,000, then the Settlement Fund will be increased by $45.00 per Claim up to $2,250,000. All Settlement Class Members who submit a timely and valid Claim Form will receive a check for a pro rata of the total Settlement Fund.

**How Can I Get a Payment?** To receive a payment, you must submit a Claim Form by the deadline stated below. You may download a Claim Form at the Settlement Website, www.TBSETextMessageSettlement.com, or request a Claim Form by calling the Settlement Administrator at the toll-free number below. To be valid, a Claim Form must be completed fully and accurately, signed under penalty of perjury, and submitted timely. You may submit a Claim Form by U.S. mail or file a Claim Form online. If you send in a Claim Form by U.S. mail, it must be postmarked by _____, **2020**. If you file a Claim Form online, then you must so file by **11:59 p.m. EST on** _____, **2020**.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you may exclude yourself by _____, **2020**. If you do not exclude yourself, you will release any claims you may have, as more fully described in the Settlement Agreement, available at the Settlement Website. You may object to the Settlement by _____, **2020**. The Long Form Notice available on the Settlement Website explains how to exclude yourself or object. The Court will hold a Final Approval Hearing on _____, **2020,** to consider whether to approve the Settlement, a request for attorneys' fees, and an incentive award of $10,000 to the Class Representative. You may appear at the hearing, either yourself or through an attorney you hire, but you don't have to. For more information, call or visit the Settlement Website.

www.TBSETextMessageSettlement.com                    **1-(XXX) (XXX)-(XXXX)**

TBSE TCPA Settlement Administrator
c/o Settlement Administrator

_____

_____

FIRST-CLASS MAIL
U.S. POSTAGE
PAID

# Legal Notice about a Class Action Settlement

<<BARCODE>>
<<CONFIRMATION NO>>

<<NAME1>>
<<NAME2>>
<<ADDRESS1>>
<<ADDRESS2>>
<<CITY, ST, ZIP>>
<<COUNTRY>>

<<Mail ID>>                                          **Claim Form**

To submit a Claim for a payment from the Settlement Fund, please fill out the Claim Form below and send it by U.S. mail. You may also submit a Claim Form online at www.tbsetextmessagesettlement.com. The deadline to file a claim online is 11:59 p.m. EST on _____, 2020. If you send in a Claim Form by regular mail, it must be received on or before _____, 2020.

*First Name:                              *MI:        *Last Name:

*Address:

*City:                                        *State:      *ZIP Code:

*Cellular Telephone Number that received one or more texts from TBSE:

Telephone Number where you can be reached if different from above:

Your Email Address:

*I declare under penalty of perjury that to the best of my knowledge I received one (1) or more text messages as part of the TBSE BOLTS text club from March 6, 2015 through _____, 2019.

*Signature:                                                            *Date (MM/DD/YY):

**\*Denotes Information You Must Provide To Have A Valid Claim**
Questions? Visit www.TBSEtextmessagesettlement.com or call 1-XXX-XXX-XXXX

# Exhibit "C"

## If You Received a Text Message from TBSE, You May Be Entitled to a Payment from a Class Action Settlement.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A $2.25 million settlement has been reached in a class action lawsuit claiming that Tampa Bay Sports and Entertainment LLC. ("TBSE") sent text messages to wireless telephone numbers without consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. TBSE denies the allegations in the lawsuit and the Court has not decided who is right.

**Who is Included?** You received this postcard because TBSE's records show that you may be a Settlement Class Member. The Settlement includes all users or subscribers to cell phones who were sent one or more text messages as part of TBSE's BOLTS text club after that phone number was added to the club via the use o a keywordTBSE from March 6, 2015 through _____, 2019.

**What Are the Settlement Terms?** TBSE has agreed to establish a Settlement Fund of up to $2,250,000 from which all class members who submit a valid Claim Form will receive payment. The Settlement Fund will be used to pay Class members a pro rata distribution, notice and administration costs of the Settlement, attorneys' fees and expenses incurred by counsel for the Settlement Class, and an incentive award for Plaintiff who brought this action. The Settlement Fund will be at least $1,400,000, and further, to the extent that the total number of valid Claims multiplied by $45.00 exceed $1,400,000, then the Settlement Fund will be increased by $45.00 per Claim up to $2,250,000. All Settlement Class Members who submit a timely and valid Claim Form will receive a check for a pro rata of the total Settlement Fund.

**How Can I Get a Payment?** To get a payment you must submit a Claim Form online at www.TBSEtextmessagesettlement.com or by U.S. mail on the attached tear-off Claim Form with pre-paid postage included with this notice. If you send in a Claim Form by regular mail, it must be received on or before _____, 2020. The deadline to file a Claim online is **11:59 p.m. EST on** _____, 2020.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, **2020**. If you do not exclude yourself, you will release any claims you may have, as more fully described in the Settlement Agreement, available at the Settlement Website. You may object to the Settlement by _____, 2020. The Long Form Notice available on the website listed below explains how to exclude yourself or object. The Court will hold a Final Approval Hearing on _____, 2020 to consider whether to approve the Settlement and a request for attorneys' fees of up to 35% of the Settlement Fund and for an Incentive Award of $10,000 to the Class Representative. Motions for these fees and expenses will be posted on the Settlement Website when they are filed with the Court. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call or visit the website.

www.TBSETextMessageSettlement.com          1-XXX-XXX-XXXX



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL          PERMIT NO 581          PORTLAND OR

POSTAGE WILL BE PAID BY ADDRESSEE

TBSE TCPA Settlement
c/o Settlement Administrator

# Exhibit "D"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

# If You Were Sent a Text Message from Tampa Bay Sports and Entertainment, LLC You May Be Entitled to a Payment from a Class Action Settlement.

*A federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement Agreement, also referred to as the "Settlement,"[1] has been reached in a class action lawsuit about whether Tampa Bay Sports and Entertainment LLC ("TBSE") sent or caused to be sent text messages to mobile telephone numbers without first obtaining express written consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). TBSE denies the allegations in the lawsuit and the Court has not decided who is right.

- The Settlement offers payments to Settlement Class Members who file valid Claims.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | If you are a member of the Settlement Class, you must submit a completed Claim Form to receive a payment. If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class, **you will receive your payment by check.** |
| EXCLUDE YOURSELF | You may request to be excluded from the Settlement and if you do, **you will receive no benefits from the Settlement**. However you will retain your legal rights respecting any claim against TBSE. |
| OBJECT | Write to the Court if you do not like the Settlement. |
| GO TO A HEARING | Ask to speak in court about the fairness of the Settlement. |
| DO NOTHING | **You will not receive a payment if you fail to timely submit a completed Claim Form**, and you will give up your right to bring your own lawsuit against the TBSE about the Claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying Claim Forms. Please be patient.

---

[1] Capitalized terms herein have the same meanings as those defined in the Settlement Agreement, a copy of which may be found online at the Settlement Website below.

**Questions? Call 1-XXX-XXX-XXXX or go to www.TBSETextMessageSettlement.com**


| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION.................................................................................................PAGE 3
1.  Why is there a Notice?
2.  What is this litigation about?
3.  What is the Telephone Consumer Protection Act?
4.  Why is this a class action?
5.  Why is there a settlement?

WHO IS PART OF THE SETTLEMENT...........................................................................PAGE 4
6.  Who is included in the Settlement?
7.  What if I am not sure whether I am included in the Settlement?

THE SETTLEMENT BENEFITS.....................................................................................PAGE 4
8.  What does the Settlement provide?
9.  How do I file a Claim?
10. When will I receive my payment?

EXCLUDING YOURSELF FROM THE SETTLEMENT...................................................PAGE 5
11. How do I get out of the Settlement?
12. If I do not exclude myself, can I sue the TBSE for the same thing later?
13. What am I giving up to stay in the Settlement Class?
14. If I exclude myself, can I still get a payment?

THE LAWYERS REPRESENTING YOU...........................................................................PAGE 5-6
15. Do I have a lawyer in the case?
16. How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT..............................................................................PAGE 6-7
17. How do I tell the Court I do not like the Settlement?
18. What is the difference between objecting and asking to be excluded?

THE FINAL APPROVAL HEARING................................................................................PAGE 7
19. When and where will the Court decide whether to approve the Settlement?
20. Do I have to attend the hearing?
21. May I speak at the hearing?

IF YOU DO NOTHING.....................................................................................................PAGE 7
22. What happens if I do nothing at all?

GETTING MORE INFORMATION..................................................................................PAGE 7
23. How do I get more information?

**Questions?  Call 1-XXX-XXX-XXXX or go to <u>www.TBSETextMessageSettlement.com</u>**
**The deadline to submit your claim is _____, 2020**

2

# BASIC INFORMATION

## 1. Why is there a notice?

A court authorized this Notice because you have a right to know about a proposed Settlement of a class action lawsuit known as *Bryan Hanley, on behalf of himself and all others similarly situated, v. Tampa Bay Sports and Entertainment, LLC*, Case No. 28:19-CV-00550-CEH-CPT (M.D. Fla.) and about all of your options before the Court decides whether to give Final Approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Charlene Honeywell of the United States District Court, Middle District of Florida is overseeing this case. The person who sued, Bryan Hanley, is the "Plaintiff." The company being sued, TBSE, is the "Defendant."

## 2. What is this litigation about?

The lawsuit alleges that TBSE sent, or caused to be sent, advertisement or telemarketing text messages to Plaintiff's wireless telephone number without obtaining his prior express written consent in violation of the Telephone Consumer Protection Act 47 U.S.C. § 227 ("TCPA") and seeks statutory damages under the TCPA on behalf of the Plaintiff and a class of all individuals in the United States who received similar messages.

TBSE denies each and every allegation of wrongdoing, liability, and damages that were or could have been asserted in the litigation and that the claims in the litigation would be appropriate for class treatment if the litigation were to proceed through trial.

The Plaintiff's Complaint, the Settlement Agreement, and other case-related documents are posted on the Settlement Website, **TBSETextMessageSettlement.com**. The Settlement resolves the lawsuit. The Court has not decided who is right.

## 3. What is the Telephone Consumer Protection Act?

The Telephone Consumer Protection Act (commonly referred to as the "TCPA") is a federal law that restricts calls and texts made with the use of automated telephone equipment. The Plaintiff here alleged that TBSE sent or caused to be sent text messages to individuals without the requisite prior written consent in violation of the TCPA. TBSE denies that it did so.

## 4. Why is this a class action?

In a class action, one person called the "Class Representative" (in this case, Plaintiff Bryan Hanley) sues on behalf of himself and other people with similar claims.

All of the people who have claims similar to the Plaintiffs are members of the Settlement Class, except for those who exclude themselves from the class.

## 5. Why is there a settlement?

The Court has not found in favor of either Plaintiff or Defendant. Instead, both sides have agreed to a Settlement. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Members will receive the benefits described in this Notice. TBSE denies all legal claims in this case. Plaintiff and his lawyers think the proposed Settlement is best for everyone who is affected.

## 6. Who is included in the settlement?

Questions? Call 1-XXX-XXX-XXXX or go to www.TBSETextMessageSettlement.com
The deadline to submit your claim is _____, 2020

The Settlement includes all persons who are users of, or subscribers to, cell phone numbers that, after a keyword was texted to short code telephone number 61873, were sent at least one SMS text message in connection with the Bolts Text Club. People who are included in the Settlement are called "Settlement Class Members" and are collectively the "Settlement Class."

Excluded from the Settlement Class are (A) TBSE, TBSE's subsidiaries, parent companies, successors, predecessors, and any entity in which their officers or directors have a controlling interest, TBSE's officers and directors, and their immediate family members; (B) Class Counsel; and (C) the judges who have presided over the litigation and their immediate family members.

### 7.  What If I am not sure whether I am included in the settlement?

If you are not sure whether you are in the Settlement Class or have any other questions about the Settlement, visit the Settlement Website at <u>TBSETextMessageSettlement.com</u> or call the toll-free number,1-XXX-XXX-XXXX. You also may send questions to the Settlement Administrator:

<div align="center">
TBSE Text Message Settlement<br>
c/o Settlement Administrator
</div>

### 8.  What does the Settlement provide?

TBSE has agreed to pay up to $2,250,000 to create a cash Settlement Fund. $1,400,000 of the Settlement Fund cannot be returned to TBSE for any reason. The Settlement Fund may be applied towards the Settlement depending on the amount of persons who timely submit valid Claim Forms. To determine whether the Settlement Fund actually paid out will increase beyond $1,400,000, each Settlement Class Member's Claim will be multiplied by $45. The Settlement Fund will be used to pay an attorneys' fee award and an Incentive Award to the Class Representative. The remainder of the Settlement Fund will be distributed as cash payments to Settlement Class Members who submit valid Claims. The cash payments will be distributed on a pro rata basis to Settlement Class Members depending on the number of valid Claims filed. Each Settlement Class Member may file one Claim and receive one cash payment for each mobile telephone number texted.

### 9.  How do I file a Claim?

If you qualify for a cash payment, you must complete and submit a valid Claim Form. You can file your Claim Form online at <u>www.TBSETextMessageSettlement.com</u> or download a Claim Form from the Settlement Website and send it by U.S. Mail to the address below.  The deadline to file a Claim online or via mail is **11:59 p.m. EST on** _____, **2020**.

If you received a Claim Form in the mail with a postcard summary of this Notice, simply complete, sign, and mail the form by U.S. Mail to the address below. The postage is pre-paid and there is no need for a stamp.
Claim Forms submitted by mail must be received on or before _____, **2020** to:

<div align="center">
TBSE Text Message Settlement<br>
c/o Settlement Administrator
</div>

No matter which method you choose to file your Claim Form, please read the Claim Form carefully and provide all the information required. Only one Claim Form may be submitted per Settlement Class Member for each mobile telephone number texted.

<div align="center">

**Questions?  Call 1-XXX-XXX-XXXX or go to <u>www.TBSETextMessageSettlement.com</u>**
**The deadline to submit your claim is _____, 2020**

</div>

**10.  When will I receive my payment?**

Payments to Settlement Class Members will be made only after the Court grants Final Approval to the Settlement and after any appeals are resolved (*see* "Final Approval Hearing" below).  If there are appeals, resolving them can take time. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep the right to sue or continue to sue TBSE on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself—or it is sometimes referred to as "opting out" of the Settlement Class.

**11.  How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a timely letter by mail to:

<div align="center">

CLASS ACTION OPT OUT
ATTN: TBSE Text Message Settlement
_____
_____

</div>

Your request to be excluded from the Settlement must be personally signed by you under penalty of perjury and contain a statement that indicates your desire to be "excluded from the Settlement Class" and that, absent of excluding yourself or "opting out," you are "otherwise a member of the Settlement Class."

Your exclusion request must be received by _____, **2020**.  You cannot ask to be excluded on the phone, by email, or at the Settlement Website.

You may opt out of the Settlement Class only for yourself.

**12.  If I do not exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up the right to sue TBSE for the claims that the Settlement resolves. You must exclude yourself from this Settlement Class in order to pursue your own lawsuit.

**13.  What am I giving up to stay in the Settlement Class?**

Unless you opt out of the Settlement, you cannot sue or be part of any other lawsuit against TBSE about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at TBSETextMessageSettlement.com. The Settlement Agreement provides more detail regarding the Releases and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Settlement Class listed in Question 15 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Claims or what they mean.

**14.  If I exclude myself, can I still get a payment?**

No.  You will not get a payment from the Settlement Fund if you exclude yourself from the Settlement

## THE LAWYERS REPRESENTING YOU

<div align="center">

**Questions?  Call 1-XXX-XXX-XXXX or go to www.TBSETextMessageSettlement.com**
**The deadline to submit your claim is _____, 2020**

</div>

| **15.  Do I have a lawyer in this case?** |
|---|

Yes. The Court has appointed the following lawyers as "Class Counsel" to represent all members of the Settlement Class.

<div align="center">

David P. Milian, Esq. and Ruben Conitzer, Esq.
**CAREY RODRIGUEZ MILIAN GONYA, LLP**

</div>

You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

| **16.  How will the lawyers be paid?** |
|---|

Class Counsel intend to request up to thirty-five percent of the value of the Settlement Fund for attorneys' fees plus reimbursement of reasonable, actual out-of-pocket expenses incurred in the litigation. The fees and expenses awarded by the Court will be paid out of the Settlement Fund. The Motion for these fees and expenses will be posted on the Settlement Website when they are filed with the Court.  The Court will decide the amount of fees and expenses to award.

Class Counsel will also request that an Incentive Award of $10,000.00 be paid from the Settlement Fund to the Class Representative for being the representative on behalf of the whole Settlement Class.

<div align="center">

## OBJECTING TO THE SETTLEMENT

</div>

| **17.  How do I tell the Court that I do not like the Settlement?** |
|---|

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement.  To object, you must timely submit a letter that includes all of the following:

1.  A heading that includes the case name and case number—*Bryan Hanley, on behalf of himself and all others similarly situated, v. Tampa Bay Sports and Entertainment LLC,* Case No. 8:19-CV-00550-CEH-CPT.

2.  Your name, address, telephone number, the cell phone number at which you received text messages from TBSE from March 7, 2015 through _____, 2019, and if represented by counsel, the name, bar number, address, and telephone number of your counsel;

3.  A signed statement stating, under penalty of perjury, that you received one or more text messages sent by or on behalf of TBSE from March 7, 2015 through _____, 2019 and are a member of the Settlement Class;

4.  A statement of all your objections to the Settlement including your legal and factual basis for each objection;

5.  A statement of whether you intend to appear at the Final Approval Hearing, either with or without counsel, and if with counsel, the name of your counsel who will attend;

6.  The number of times in which you and/or your counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior objections that were issued by the trial and appellate courts in each listed case;

7.  A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

<div align="center">

**Questions?  Call 1-XXX-XXX-XXXX or go to www.TBSETextMessageSettlement.com**
**The deadline to submit your claim is _____, 2020**

</div>

8. Any and all agreements that relate to the objection or the process of objecting—whether written or verbal—between you or your counsel and any other person or entity.

If you wish to object, you must file your objection with the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) and mail your objection to each of the following three (3) addresses, and your objection must be received by _____, 2020.

| Clerk of the Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| United States District Court for the Middle District of Florida 801 N. Florida Avenue Tampa, FL 33602 | David P. Milian and Ruben Conitzer Carey Rodriguez Milian Gonya, LLP 1395 Brickell Avenue, Suite 700 Miami, FL 33131 | Eric Troutman and Daniel Delnero Squire Patton Boggs (US) LLP 555 South Flower Street, 31st Floor Los Angeles, CA 90071 Dennis P. Waggoner Hill Ward Henderson PA 3700 Bank of America Plaza 101 East Kennedy Boulevard Tampa, FL 33602 |

| **18.  What is the difference between objecting and asking to be excluded?** |
|---|

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Final Approval Hearing").

| **19.   When and where will the Court decide whether to approve the Settlement?** |
|---|

The Court has scheduled a Final Approval Hearing on _____, 2020 at _____ at the First Street Courthouse Building 801 N. Florida Avenue Tampa in Tampa, FL 33602 in Courtroom 13A. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.TBSETextMessageSettlement.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for attorneys' fees and expenses and for an Incentive Award to the Class Representative. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

| **20.  Do I have to attend the hearing?** |
|---|

No.  Class Counsel will answer any questions the Court may have.  But you are welcome to attend the hearing at your own expense.  If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time to the proper addresses and it complies with all the other requirements set forth above, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary.

| **21.  May I speak at the hearing?** |
|---|

**Questions?  Call 1-XXX-XXX-XXXX or go to www.TBSETextMessageSettlement.com**
**The deadline to submit your claim is _____, 2020**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, your timely filed objection must include a statement of whether you intend to appear at the Final Approval Hearing (*see* Question 17 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

| 22. What happens if I do nothing at all? |
| --- |

If you are a Settlement Class member and do nothing, meaning you do not file a timely Claim, you will not get benefits from the Settlement. Further, unless you exclude yourself, you will be bound by the judgment entered by the Court and you will release any claims and not recover any sum of money in connection with any claims you may have.

## GETTING MORE INFORMATION

| 23. How do I get more information? |
| --- |

This Notice summarizes the proposed Settlement. You are urged to review more details in the Settlement Agreement. For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at www.TBSETextMessageSettlement.com. You also contact the Settlement Administrator by email at info@TBSETextMessageSettlement.com, or by calling the toll-free number, 1-XXX-XXX-XXXX, or by writing to:

TBSE   Text   Message   Settlement,   c/o   Settlement   Administrator,   _____,   ,
_____.

Questions?  Call 1-XXX-XXX-XXXX or go to www.TBSETextMessageSettlement.com
The deadline to submit your claim is _____, 2020
13314570v1

8

# Exhibit "E"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| BRYAN HANLEY, *an individual on behalf of himself and all others similarly situated*, | |
| Plaintiff, | CASE NO. 8:19-CV-00550-CEH-CPT |
| v. | |
| TAMPA BAY SPORTS AND ENTERTAINMENT LLC, *a Delaware limited liability company*, | |
| Defendant. | |

**STIPULATION REGARDING UNDERTAKING
FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**

Plaintiff Bryan Hanley and Defendant Tampa Bay Sports and Entertainment LLC ("TBSE") by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, proposed Class Counsel CAREY RODRIGUEZ MILIAN GONYA, LLP ("Class Counsel") (Plaintiff, TBSE, and Class Counsel, collectively the "Parties") desires to give an undertaking (the "Undertaking") for repayment of their award of attorneys' fees, costs, and expenses approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned Class Counsel, hereby submits itself, on its behalf and on behalf of any successors in interest, to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, Class Counsel submits to the jurisdiction of the United States District Court for the Middle District of Florida for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel, or any successor in interest, shall, within twenty-eight (28) days repay to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel, the full amount of attorneys' fees, costs, and expenses paid to Class Counsel pursuant to the Settlement, including any accrued interest.

In the event the attorneys' fees, costs, and expenses awarded by the Court are vacated, reversed, or rendered void as a result of an appeal, Class Counsel, or any successor in interest, shall within twenty-eight (28) days repay to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel, the full amount of attorneys' fees, costs, and expenses paid to Class Counsel pursuant to the Settlement. In the event the attorneys' fees, costs, and expenses awarded by the Court are modified or reduced as a result of an appeal, Class Counsel, or any successor in interest, shall within twenty-eight (28) days repay to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel, the difference between the amount originally awarded by the district court and any modified or reduced amount ordered by the appellate court.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event Class Counsel fails to repay to Defendant or Defendant's insurer any of attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of TBSE, and notice to Class Counsel, summarily issue orders, including but not limited to judgments and attachment orders against Class Counsel, and any successor(s) in interest.

The undersigned stipulates, warrants, and represents that he has actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of CAREY RODRIGUEZ MILIAN GONYA, LLP.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:


DATED: _____, 2019          CAREY RODRIGUEZ MILIAN GONYA, LLP


                                 _____
                                 By: David P. Milian, on behalf of Carey Rodriguez Milian
                                 Gonya, LLP
                                 Attorneys for Plaintiff Bryan Hanley and Class Counsel


DATED: _____, 2019          TAMPA BAY SPORTS AND ENTERTAINMENT LLC

                                 _____
                                 By: